Roman Otkupman, SBN 249423
Roman@OLFLA.com
Nidah Farishta, SBN 312360
Nidah@OLFLA.com
OTKUPMAN LAW FIRM, A LAW CORPORATION
5743 Corsa Ave, Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff
MARISSA BURTON


JAMES T. CONLEY, SBN 224174
james.conley@ogletree.com
HAIDY M. RIVERA, SBN 332117
haidy.rivera@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:    916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARISSA BURTON, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-02243-TLN-KJN<br><br>**JOINT STIPULATION AND ORDER TO AMEND INITIAL PRETRIAL SCHEDULING ORDER**<br><br>Action Filed:　November 15, 2022<br>Trial Date:　None set |

Plaintiff Marissa Burton ("Plaintiff") and Defendant Wal-Mart Associates, Inc. ("Defendant") (Plaintiff and Defendant, collectively "Parties"), hereby stipulate and ask the Court to modify the Initial Pretrial Scheduling Order (ECF No. 2) in accordance with the stipulated scheduled set forth herein and in light of the good cause set forth herein.

WHEREAS, Plaintiff filed her Complaint on November 15, 2022, the matter was removed to this court on December 16, 2022;

WHEREAS, on December 16, 2022, this Court issued its Initial Pretrial Scheduling Order, which requires the Parties to complete discovery no later than 240 days after the last day that a defendant may answer the complaint. Accordingly, the current discovery cut off was August 14, 2023 and the parties were in heavy settlement discussions at that time.

WHEREAS, the Parties have and are continuing to resolve this matter without wasting resources that can be put towards bridging the gap this with the hopes of early resolution of the claims.

WHEREAS, the Parties are engaged in written discovery, but have yet to take depositions to save costs. The Parties have set depositions and are meeting and conferring on scheduling and availability as well as settlement. Both Parties wish to take depositions if they cannot settle this matter in the next 45 days through further written discovery that is pending and will be completed by then. But, will not be able to do so given the current discovery cut off.

WHEREAS, good cause exists to modify the Court's scheduling Order as follows:

The district court is given broad discretion in supervising the pretrial phase of litigation…" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see e.g. *Spiller v. Ella Smithers Geriatric Ctr.*, 919 F.2d 339, 343 (5th Cir. 1990) (court impliedly granted motion to modify scheduling order by allowing summary judgment motion after pretrial motion cut-off date).

To establish "good cause," parties seeking modification of a scheduling order must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable. Johnson, supra, 975 F.2d at 609; see e.g., *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224

(E.D. Cal. 2008) (granting request for modification that was promptly made when it became apparent that compliance with the scheduling order was not possible). In determining "good cause," courts also consider the importance of the requested modification, the potential prejudice in allowing the modification, and, conversely, whether denial of the requested modification would result in prejudice. *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (involving amendment of pleadings).

Here, good cause exists for a modification of the Court's scheduling order given the Parties' inability to complete necessary discovery within the Scheduling Order's timetable. This matter was initially filed on November 15, 2022; the matter was removed on December 16, 2022 and the initial pretrial scheduling order was set. The parties have been engaged in active settlement discussions this entire time. The Parties are currently engaged in written discovery efforts. Early attempts to resolve this matter have been unsuccessful to date, but there is a good faith basis to believe that the matter can be resolved in the next 45 days. If not, the Parties now need additional time to conduct further, and complete, discovery, dispositive motions, and expert discovery as well as prepare for trial.

WHEREAS, the Parties believe that a continuance of all pending dates and deadlines, is in the best interests of the Parties and the Court, as it will conserve all resources and ensure that the Parties are able to effectively mediate this matter in an attempt to achieve a full and complete resolution;

WHEREAS, for these reasons, good cause exists to extend both the non-expert and expert discovery deadlines by 240 days;

WHEREAS, for these same reasons, the Parties believe that all other pretrial dates and deadlines should likewise be extended by at least 240 days to conform the pretrial schedule to the discovery deadlines;

NOW THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree and request that the dates and deadlines in the Scheduling Order set forth above be amended as follows:

Non-Expert Discovery Cutoff: April 12, 2024

Expert Disclosure: June 12, 2024

1       Rebuttal Expert Disclosure: July 12, 2024

2       Dispositive Motion Filing Deadline: October 9, 2024

**IT IS SO STIPULATED**.

DATED:  November 22, 2023        OTKUPMAN LAW FIRM, A LAW CORPORATION

By: */s/ Roman Otkupman*
    Roman Otkupman
    Nidah Farishta

Attorneys for Plaintiff MARISSA BURTON

DATED:  November 22, 2023        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ (as authorized on  November 22, 2023*
    James T. Conley
    Haidy M. Rivera

Attorneys for Defendant WAL-MART ASSOCIATES, INC.

# ORDER

Good cause appearing, the Court hereby modifies the Scheduling Order to extend discovery deadlines and all other dates in the Scheduling Order for 240 days as follows:

Non-Expert Discovery Cutoff: April 12, 2024

Expert Disclosure: June 12, 2024

Rebuttal Expert Disclosure: July 12, 2024

Dispositive Motion Filing Deadline: October 9, 2024

**IT IS SO ORDERED.**

DATED:  November 27, 2023

Troy L. Nunley
United States District Judge